FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Richmond Division</u>

2014 OCT 30 P 3: 36

DISTRICT COURT
RICHMOND, VIRGINIA

ANNA M. TERRY,

    Plaintiff,

v.                                                    Civil Action No.: 3:14cv742

CITIZENS BANK AND TRUST COMPANY,
SERVE:    **Registered Agent**
               **Joseph D. Borgerding**
               **126 South Main Street**
               **Blackstone, Virginia 23824**
               **(Nottoway County)**

    Defendant.

**JURY TRIAL
DEMANDED**

## COMPLAINT

The plaintiff Anna M. Terry ("Ms. Terry"), by counsel, for her Complaint against the defendant Citizens Bank and Trust Company, ("Citizens Bank") her former employer, representing unto the Court as follows:

### INTRODUCTION

This is a civil action seeking lost salary, benefits and other compensation, as well as reinstatement, as a result of being dismissed from employment with the defendant on account of:

(1) exercising her rights to medical leave, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq. and regulations promulgated thereunder;

(2) her pregnancy, in violation of the Pregnancy Discrimination Act of 1978, which amended Section 701 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e(k); and

(3) to recover employer-provided benefits, including health insurance benefits and short and long-term disability benefits, in violation of Section 502(a)(1)(b) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

## THE PARTIES

1. Ms. Terry resides in Amelia County, Virginia. At the time of her requested FMLA leave, Ms. Terry had been employed for the 12 months preceding her request for medical leave, and in excess of 1250 hours during those 12 months. Accordingly, Ms. Terry was an "eligible employee" as that term is defined by Section 101(2)(A) of the Act, 29 U.S.C. § 2611(2)(A).

2. Citizens Bank is a Virginia Corporation and operates retail banking branches throughout the Commonwealth of Virginia. Its principal place of business is located at 126 South Main Street, Blackstone, Virginia 23824, in the County of Nottoway.

3. At all times during the events complained of herein, Citizens Bank was engaged in commerce and employed over 50 employees for the 20 workweeks during or preceding the calendar year, and is thus an "employer" as defined in Section 101(4) of the FMLA, 29 U.S.C. § 2611(4).

4. At all times during the events complained of herein, Citizens Bank employed between 15 and 100 individuals and is a "respondent" under 42 U.S.C. § 1981a(b)(3)(A) amending Title VII;

5. At all relevant times herein, Citizens Bank was the "administrator" and "fiduciary" of an employee welfare benefit plan, as those terms are defined in Section 3(16) and (21) of ERISA, 29 U.S.C. §§ 1002(16) and (21), respectively.

## JURISDICTION AND VENUE

6. Jurisdiction over plaintiff's claims is based on 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. 2617(a)(2)(private right of action for interference with FMLA rights), 28 U.S.C. § 1343(3) (violation of civil rights), and 29 U.S.C. § 1132(e) (exclusive jurisdiction for ERISA claims). Venue is proper in this District, being the location of the parties and the situs of the events complained of herein.

## ALLEGATIONS FOR COUNTS I - III

7. Ms. Terry commenced employment with Citizens Bank on March 12, 2012. She served as a bank teller, which included acting as a customer service representative, earning $10.00 per hour, at the branch located at 102 Second Street, N.E., Burkeville, Virginia 23922, in the County of Nottoway.

8. In mid to late February, 2013, Ms. Terry learned that she was expecting and in her second month of pregnancy. She had an expected delivery date of November 3, 2013.

9. On or about April 29, 2013, Ms. Terry began experiencing medical complications related to her pregnancy. She visited her obstetrician and was diagnosed with orthostatic hypotension, which involves a sudden drop in blood pressure. This condition was determined to be related to her pregnancy.

10. Ms. Terry stayed out of work for a few days under her physician's care, and returned to work on or about May 7, 2013 with continuing medical problems.

11. Ms. Terry's condition required "continuing treatment by a health care provider" and thereby constituted a "serious health condition" as defined under Section 101(11) of the FMLA, 29 U.S.C. § 2611(11).

12. On May 8, 2013, Citizens Bank human resources manager Doretha Pegram instructed Ms. Terry to obtain from her doctor a note stating that she could continue to work at the Bank. Ms. Pegram told her that she would fax the necessary FMLA papers, presumably Healthcare Provider Certification ("HCPC") forms generated by the U.S. Department of Labor, to Ms. Terry's doctor for completion in case Ms. Terry were taken out of work for medical reasons.

13. Ms. Terry met that day with her physician, Corrine N. Tuckey-Larus, MD, who advised her that she would have to be out of work until further notice due to obstetrical complications.

14. Dr. Tuckey-Larus gave no specific date as to when Ms. Terry could expect to return to work. The doctor informed Ms. Terry that her medical condition would be monitored on an appointment by medical appointment basis.

15. Ms. Terry began her Citizens Bank-approved FMLA leave on May 8, 2013, which was set not to expire until July 31, 2013.

16. On June 11, 2013, Ms. Terry's physician completed her HCPC form and faxed it to Ms. Pegram at Citizens Bank. The physician noted that Ms. Terry's medical condition was diagnosed as syncopal episodes (fainting spells). Her physician estimated that the **"probable"** duration of Ms Terry's syncopal episodes would continue until 6-8 weeks after the birth of her child.

17. The HCPC form expressly states that the physician **"estimates"** the period of time for the syncopal episodes to begin and end. Ms. Terry's physician stated that she would be "out of work until further notice," because of the "multiple syncopal episodes."

18. On June 19, 2013, 8 days after receiving the HCPC Form from Ms. Terry's physician, Ms. Pegram notified Ms. Terry that her employment was terminated immediately, mistakenly and prematurely assuming Ms. Terry would exceed her FMLA leave.

19. Ms. Terry was told that her employment benefits would end on June 30, 2013, prior to the expiration of her FMLA leave on July 31, 2013. Under her Citizens Bank employee benefits, Ms. Terry would have been eligible for long term disability payments on August 6, 2013.

20. Ms. Terry's syncopal episodes ended on or before July 18, 2013. She was released to return to her normal activities, including work, before the expiration of her 12-week FMLA-allowed leave. From July 19, 2013 until the early birth of her baby on October 14, 2013, Ms. Terry was fully able to work at the Bank and had been released to do so by her physician.

21. Ms. Terry was treated differently by Citizens Bank in comparison with other non-pregnant women who had suffered serious illness. These women were absent from their work for months. Each returned to her former employment position with the Bank.

22. Despite diligent efforts, Ms. Terry remains unable to secure alternative employment.

23. Ms. Terry's termination from employment caused her to incur lost salary and employee-related fringe benefits.

24. Ms. Terry exhausted the remedies available to him by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or

about April 9, 2014 alleging sex and pregnancy discrimination. On August 2, 2014, Ms. Terry received in the mail a Notice of Right to Sue from the EEOC.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

25. By terminating her employment, Citizens Bank interfered with the exercise of Ms. Terry's rights, in violation of Section 105(a) of the FMLA, 29 U.S.C. § 2615(a).

26. Ms. Terry's injuries entitle her under Section 107(a) of the FMLA, 29 U.S.C. § 2617(a), to an award of damages for (a) lost salary, benefits and other compensation; (b) liquidated damages in an amount equal to her lost salary, benefits and other compensation; (c) reinstatement to her former position; (d) attorney's fees; (e) costs of suit; and (f) pre-and post-judgment interest.

## COUNT II
## PREGNANCY DISCRIMINATION

27. By subjecting Ms. Terry to retaliation and discrimination in the terms and conditions of her employment on account of her pregnancy and exercising her federal rights, and dismissing her from employment, as described herein, Citizens Bank violated her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(k), and 42 U.S.C. § 2000e-3 (retaliation).

28. Citizens Bank engaged in a discrimination practice against Ms. Terry with malice and/or with reckless indifference to her federally protected rights, thereby making it liable for punitive damages pursuant to Section 102(b)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1).

29. Ms. Terry's injuries entitle her to reinstatement to her former position, and an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and

suffering, emotional distress, and loss of personal and professional reputation; (c) injury to her future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988; and (f) costs of suit.

## COUNT III
## RECOVERY OF LOST BENEFITS DUE UNDER EMPLOYER ERISA PLAN

30. Citizens Bank's decision to terminate Ms. Terry's employer-provided benefits to which she was entitled under the Bank's employee welfare benefits plan, was unlawful and wrongful, and should be overturned.

31. Ms. Terry seeks an Order from this Court directing Citizens Bank to restore her health and disability benefits, including her out-of-pocket expenses that she incurred as a result of losing her medical insurance coverage, plus interest, costs and attorney's fees.

WHEREFORE, the plaintiff Anna M. Terry demands judgment against the defendant Citizens Bank and Trust Company, awarding her reinstatement and compensatory, liquidated and punitive damages, as determined from the evidence at trial, plus attorney's fees and costs of suit, and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ANNA M. TERRY

By: _____
Counsel

Jay J. Levit (VSB# 5637)
10132 West Broad Street
Glen Allen, VA 23060
(804) 270-4600
(804) 747-5576

Scott Gregory Crowley (VSB # 31216)
CROWLEY & CROWLEY

Overlook II Building
4870 Sadler Road, Suite 300
Glen Allen, Virginia 23060
(804) 205-5010
(804) 205-5001 (fax)
   *Counsel for plaintiff Anna M. Terry*